# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| ROBERT LEWIS KNOWLES, <br><br> Plaintiff, <br><br> v. <br><br> CODY CLIFTON; DUSTIN FINDLEY; TOOMBS E.M.S.; and LYONS POLICE DEPARTMENT, <br><br> Defendants. | CIVIL ACTION NO.: 6:16-cv-53 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Toombs County Detention Center in Lyons, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claim for the charges against him to be dropped. The Court should also **DISMISS** all claims against Defendants Toombs Emergency Medical Services and Lyons Police Department. However, Plaintiff states plausible claims that Defendants Clifton and Findley violated his rights under the Fourteenth Amendment by disregarding his serious medical needs. Accordingly, the Court **ORDERS** that a copy of Plaintiff's Complaint be served on Defendants Clifton and Findley.

## BACKGROUND

Plaintiff filed his Complaint against the above-named Defendants on May 12, 2016. (Id.) Plaintiff asserts in the supplement to his Complaint that Defendant Clifton of the Lyons Police Department arrested him on January 8, 2016. (Doc. 1-1, p. 1.) Plaintiff contends that Defendant Clifton and Defendant Findley of Toombs Emergency Medical Services violated his

constitutional rights when they refused to provide medical treatment after injuring him during the arrest. (Id. at pp. 1–2.) Plaintiff states that he only received medical care after an officer at the Toombs County Detention Center examined him and recommended that he be taken to the hospital. (Id. at p. 2.)

In his Supplement to his Complaint, Plaintiff states that after being knocked out by Lisa Smith with a twelve-inch frying pan, he "came to and went out the front door of [his] house." (Id. at p. 1.) Defendant Clifton then instructed Plaintiff to put his hands in the air. Id. According to Plaintiff, he did as he was told and was handcuffed. Id. Then, it appears that Plaintiff was rendered unconscious as he once again states that he "came to." Id. When Plaintiff "came to" this second time, Defendant Clifton was holding him down on the ground, and Defendant Findley had his knee in the side of Plaintiff's head. Id.

At the time of his arrest, Plaintiff's nose was broken and he had a stab wound in the back of his head. Id. Plaintiff asked for medical care but Findley told him that he did not need any medical attention. Id. He was placed in the back of a police car, and taken to the County Jail. Id. The police officer transporting Plaintiff, presumably Defendant Clifton, also told him that he did not need any medical attention.[1] Id. At the detention center, another officer examined Plaintiff and saw that he had a hole in the back of his head and blood all over his clothes. Id. That officer called the Lyons Police Department and demanded that a police officer take Plaintiff to the hospital. (Id. at p. 2.) Plaintiff states that he received poor care at the hospital as a result of events during his arrest. Id. Specifically, he states that he was kicking and screaming when Defendants were on top of him because he did not know what was happening. Once the nurse at

---

[1] Plaintiff identifies this officer as the Lyons Police Officer. Construing Plaintiff's pro se Complaint liberally, it appears he intends to identify Defendant Clifton as he does not mention any other police officer that worked for the Lyons Police Department in his Complaint.

2

the hospital learned of this, "she immediately changed moods," said there was nothing wrong with Plaintiff, and stopped treating him.  Id.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the Court to dismiss.

**DISCUSSION**

**I.     Claims Against Toombs E.M.S. and Lyons Police Department**

Plaintiff names both Toombs Emergency Medical Services and the Lyons Police Department as Defendants in his Complaint. However, liability under Section 1983 must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). This applies regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992). To state a valid claim against a supervisory defendant, a plaintiff must allege "(1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff attempts to hold Toombs E.M.S. and the Lyons Police Department liable based solely on the fact that they employ Defendants Clifton and Findley. Plaintiff does not allege that Toombs E.M.S. or the Lyons Police Department had a custom or policy that resulted in deliberate indifference or that there was a history of widespread abuse in those entities. Furthermore, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . ." Fed. R. Civ. P. 17(b). Therefore, Georgia law controls here and the Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal

entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool v. Elbert Cty., 258 Ga. 317, 368 S.E.2d 500, 502 (1988)(quotation omitted). The Eleventh Circuit has further clarified that police departments and counties are not such legal entities subject to suit.[2] Lawal v. Fowler, 196 Fed. App'x. 765, 768 (11th Cir. 2006); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). For these reasons, the Court should **DISMISS** Plaintiff's claims against Toombs Emergency Medical Services and the Lyons Police Department.

## II.    Younger Abstention as to Plaintiff's Claim for Charges to Be Dropped

Plaintiff indicates in his Complaint that he is a pretrial detainee due to charges pending against him in state court. He requests that the Court order that the charges stemming from his arrest be dropped as relief for the alleged constitutional violations by Defendants. (Doc. 1, p. 6.) However, this Court lacks jurisdiction to hear this portion of Plaintiff's claims, much less grant such relief because the state court criminal case is still pending. See Younger v. Harris, 401 U.S. 37 (1971). Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action. Id.; see also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (intervention in ongoing state court proceedings is not appropriate as a Section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings). The Younger abstention doctrine explicitly blocks Plaintiff's request that Defendant drop the charges against him because doing so would actively intervene with Plaintiff's ongoing state criminal proceeding.[3]

---

[2] Toombs County operates Toombs E.M.S. and is therefore not an artificial person or corporation subject to suit.

[3] Plaintiff also requests "$45,000 in my missed wages from work." (Doc. 1, p. 6.) To the extent this is requesting damages for an unlawful arrest and not for the deliberate indifference to medical needs, both Younger and Heck v. Humphrey, 512 U.S. 477 (1994) bars the claim. See Doby v. Strength, 758 F.2d

6

Moreover, as Plaintiff is free to make the same claims against Defendants in his state criminal proceedings, Plaintiff cannot demonstrate the lack of an adequate remedy at law. See Boyd v. Georgia, No. CV 112-042, 2012 WL 2862157, at *2 (S.D. Ga. May 14, 2012) *report and recommendation adopted*, No. CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012) *aff'd*, 512 F. App'x 915 (11th Cir. 2013) (concluding that plaintiff had an adequate remedy at law with respect to constitutional claims that he could bring in his pending state criminal case).

For these reasons, the Court should **DISMISS** Plaintiff's request that the Court order Defendant to drop the state charges pending against him.

### III. Deliberate Indifference to Medical Needs

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff was an arrestee at the time that Defendants refused to provide him medical care. Arrestees and pretrial detainee's rights exist under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment, which applies to convicted prisoners. Morrison v. City of Atlanta, 614 F. App'x 445, 448-49 (11th Cir. 2015); Williams v. South Fulton Regional Jail, 152 Fed. Appx. 862, 863 n.2 (11th Cir. 2005). However, prior to the Supreme Court's recent decision in Kingsley v. Hendrickson, ——

---

1405, 1405–06 (11th Cir. 1985) (requiring Younger abstention where plaintiff raised Fourth Amendment Section 1983 damages claims related to ongoing state criminal proceedings); Heck, 512 U.S. 477 (damage awards that implicate the validity of a conviction must be dismissed unless the conviction or sentence has already been invalidated); Hamilton v. Lyons, 74 F.3d 99, 102–03 (5th Cir. 1996) (applying Heck to a Section 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges).

U.S. ―――, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), it was well-settled in the Eleventh Circuit that the same standards applied to a denial of adequate medical care claim brought by an arrestee under the Due Process Clause as a claim brought by a convicted prisoner under the Eighth Amendment. Morrison, 614 F. App'x at 448-49; Williams, 152 Fed. Appx. at 863 n.2.

In Kingsley, an excessive force case, the Supreme Court rejected the defendant officers' application of a subjective standard and reliance upon a pair of Eighth Amendment decisions. 135 S. Ct. at 2475. The Court noted that the language of the Cruel and Unusual Punishment Clause "differs" from the Due Process Clause and that "pretrial detainees (unlike convicted prisoners) cannot be punished at all[.]" Id. Since the Court decided Kingsley, courts have struggled with the question of whether Eighth Amendment standards apply to a pretrial detainee's claim of inadequate medical care. See, e.g., Johnson v. Clafton, No. 13-14922, 2015 WL 5729080, at *4 (E.D. Mich. Sept. 30, 2015) ("After Kingsley, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause."); Saetrum v. Raney, No. CIV. 1:13–425 WBS, 2015 WL 4730293, at *11 (D. Idaho Aug. 7, 2015) ("[Kingsley] calls into question whether it is appropriate to borrow the Eighth Amendment standard when the claim is brought by an arrestee, not a convicted prisoner, and whether the Due Process Clause may afford greater protection than the Eighth Amendment.").

The Court need not resolve these questions in this case. Even assuming that Plaintiff must prove the same elements to establish a claim under the Fourteenth Amendment as a prisoner must prove under the Eighth Amendment, Plaintiff has plausibly alleged that Defendants were deliberately indifferent to his medical needs.

In the medical care context, the Eighth Amendment standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a detainee must overcome three obstacles. The detainee must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied).

As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id. In instances where a

9

deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id.

According to Plaintiff, at the time he was arrested, he had a stab wound in the back of his head and a bloody nose. In addition, his clothes were covered in blood. These medical needs are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Goebert, 510 F.3d at 1326. Indeed, once Plaintiff arrived at the jail, jail officials recognized his need for medical treatment. Despite these obvious medical needs and Plaintiff's requests for medical treatment, Defendants allegedly refused to provide Plaintiff any medical care.[4]

Based on these allegations, Plaintiff has stated a plausible claim for relief against Cody Clifton and Dustin Findley. Therefore, the Court **ORDERS** that a copy of this Complaint be served on these Defendants.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Toombs E.M.S. and Lyons Police Department. I further **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for charges to be dropped.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

---

[4] Although Plaintiff also makes allegations that the hospital nurse refused to provide him adequate medical care, Plaintiff does not name the nurse or anyone at the hospital as a party to this suit. Thus, the Court need not assess whether he states a claim for relief against the nurse.

10

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

Plaintiff's allegations arguably state colorable claims for deliberate indifference to medical needs under 42 U.S.C. § 1983 and the Eighth Amendment against Defendants Cody Clifton and Dustin Findley. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon these Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual

11

and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete

14

responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants'

15

motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA